# ORIGINAL

Law Offices of Emmanuel G. Guerrero
EMMANUEL G. GUERRERO 5275
568 Halekauwila Street, 2ND Floor
Honolulu, Hawaii 96813
Telephone: (808) 532-2950
Facsimile: (808) 545-2628
Email: Attyegg@aol.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 0 2006

at 3 o'clock and 40 min. ___
SUE BEITIA, CLERK

Attorney for Defendant
TIMOTHY JAMES SULLIVAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00300 JMS - 09 |
| ) | |
| Plaintiff, ) | TIMOTHY JAMES SULLIVAN 'S |
| ) | SENTENCING STATEMENT; |
| vs. ) | CERTIFICATE OF SERVICE |
| ) | |
| TIMOTHY JAMES SULLIVAN, aka ) | |
| "Tim", ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## TIMOTHY JAMES SULLIVAN 'S SENTENCING STATEMENT

COMES NOW defendant, TIMOTHY JAMES SULLIVAN, through his

counsel, EMMANUEL G. GUERRERO, and respectfully submits his Sentencing

Statement in the above-entitled case, and hereby states that he has no objections to

the updated Presentence Investigation Report ("PSR") dated July 27, 2006, with

the following exceptions:

1. <u>Paragraph 80</u>:  Defendant's mother's middle name was misspelled.  It was spelled Waltron; the correct spelling is Wal**d**ron.

2. <u>Paragraph 83</u>:  Defendant's wife and children reside in Colorado and not Las Vegas.

3. <u>Paragraph 84</u>:  After release from custody, Defendant intends to return to his wife and children in Colorado.

4. <u>Paragraph 91</u>:  Defendant denies ever using the drug heroin.

In addition, as Defendant is eligible for "Safety Valve" (see paragraph 64), Defendant asserts that a Downward Departure based upon various factors is appropriate in this case.  In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court held two things.  One holding, per an opinion for the Court authored by Justice Stevens, is that the principles espoused in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), apply to federal sentencing.  Because the United States Sentencing Guidelines, as written, are mandatory, the prescribed guideline range for the facts of conviction constitute the "maximum sentence" for constitutional purposes.  <u>See</u> <u>Booker</u>, at *8-10.  Consequently, to increase that guideline range on the basis of judge-made factual findings violates the sixth amendment's jury-trial guarantee.  <u>See</u> <u>Booker</u>, at *15-*16. Justice Stevens' opinion for the Court, then, reaffirms the Court's "holding in <u>Apprendi</u>:  Any fact (other than a prior conviction) which is necessary

to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, at * 15.

The second holding in Booker, per an opinion for the Court authored by Justice Breyer, attempts to remedy the constitutional problem that the Guidelines, as written, present. Justice Breyer's opinion for the Court severs two provisions -- 18 U.S.C. §§ 3553(b)(1) and 3742(e), only the former being relevant here -- from the rest of the Sentencing Reform Act of 1984. "So modified," the Federal Sentencing Act," see 18 U.S.C. § 3551, et seq., "makes the Guidelines effectively advisory." Booker, at *16. Thus, while the Act "requires a sentencing court to consider Guideline ranges, see 18 U.S.C.[] § 3553(a)(4), … it," nonetheless, "permits the court to tailor the sentence in light of other statutory concerns as well, see [18 U.S.C.] § 3553(a)[.]" Booker, at *16.

Indeed, 18 U.S.C. § 3553(a) not only "permits" tailoring of the sentence to other statutory concerns, but *requires* such tailoring:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider --
>
> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)   the need for the sentence imposed --

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for --

(A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[; and]

(B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission [and in effect at the time of sentencing;]

(5)  any pertinent policy statement [issued by the Sentencing Commission and in effect at the time of sentencing];

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to pay victims of the

offense.

18 U.S.C. § 3553(a).  And so as to further consideration of these factors, "[n]o

limitation shall be placed," by the non-mandatory, now-advisory Guidelines or any

other source, "on the information concerning the background, character, and

conduct of a person convicted of an offense which a court of the United States may

receive and consider for the purpose of imposing an appropriate sentence."  18

U.S.C. § 3661.

It bears emphasizing that this Court is required to "impose a sentence

*sufficient*, but *not greater than necessary*, to comply" with the four traditional

"purposes" of punishment.  18 U.S.C. § 3553(a) (emphases added).  This is a rule

of leniency, mandating mercy over maximizing any single goal of punishment, be

it a traditional goal or novel one, or any combination of punishment objectives.  To

be precise, § 3553(a) mandates that the sentence this Court imposes shall be

sufficient, but not greater than necessary, to achieve retribution, <u>see</u>

§ 3553(a)(2)(A) ("to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense"), both specific and general

deterrence, <u>see</u> § 3553(a)(2)(B) ("to afford adequate deterrence to criminal

conduct" by the defendant and others), incapacitation, <u>see</u> § 3553(a)(2)(C) ("to

protect the public from further crimes of the defendant"), and rehabilitation, <u>see</u>

§ 3553(a)(2)(D) ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

In essence, a Guideline sentence promotes only one these objectives: incapacitation. Indeed, a Guideline sentence, particularly one enhanced as fully as the government urges here, seeks little more than to *maximize* incapacitation *without regard to* the other three traditional aims of punishment. One area in which this can readily be seen is in the provisions of the Guidelines eschewing probation -- and the goals of rehabilitation inherent in a sentence of probation, the terms and conditions of which typically entail significant mental health and substance abuse treatment, as well as other classes and programming of some kind -- in favor of incarceration. Statutorily, probation is, generally speaking, only unavailable for class-A and class-B felons. See 18 U.S.C. § 3561. The Guidelines, however, generally preclude imposition of a sentence of probation if the applicable guideline range provides for a minimum term of imprisonment of eight months or more. See U.S.S.G. § 5B1.1., comment (n. 2). Under the Guidelines, then, a sentence of probation might be prohibited not only for someone convicted of a class-A and class-B felony, but for someone convicted of a class-C, class-D, or class-E felony, as well as someone convicted of a class-A misdemeanor. See 18 U.S.C. § 3581 (generally prescribing the terms of imprisonment). Not only does

this lay bare the Guidelines' preference for incarceration, but, too, runs afoul of 18 U.S.C. § 3553(a)(3)'s mandate that this Court "shall consider" the other types of sentences allowed by statute.

Because a Guideline sentence simply seeks to maximize only *one* of the purposes set forth in § 3553(a)(2), it is *not* a sentence that is "sufficient, but not greater than necessary, to comply with" all *four* of the traditional purposes of punishment § 3553(a)(2) directs this Court to consider in fashioning an appropriate sentence. Even on its own terms, the sentence that the Guidelines prescribe *is* greater than necessary to achieve incapacitation. And it utterly fails to account for a sentence that would seek to rehabilitate the defendant or, for that matter, suffice (but not maximize) to obtain retribution and achieve deterrence.

A Guideline sentence also fails to take account of the other "factors" that § 3553(a) requires this Court to consider. For example, the Guidelines restrict consideration of the particular circumstances of the offense, see, e.g., U.S.S.G. §§ 5K2.10., p.s. (restricting consideration of the victim's conduct), 5K2.12., p.s. (restricting consideration of coercion or duress), and 5K2.13., p.s. (restricting consideration of diminished capacity), and, perhaps more importantly, specific characteristics of the defendant, see, e.g., U.S.S.G. §§ 5H1.1., p.s. (restricting consideration of defendant's age), 5H1.2., p.s. (restricting consideration of defendant's educational or vocational skills), 5H1.3. p.s., (restricting consideration

of defendant's mental or emotional conditions), 5H1.4., p.s. (restricting

consideration of defendant's physical condition, including a drug, alcohol,

gambling addiction), 5H1.5., p.s. (restricting consideration of defendant's

employment history), 5H1.6., p.s. (restricting consideration of defendant's family

ties and responsibilities), 5H1.10., p.s. (restricting consideration of defendant's

race, sex, national origin, creed, religion, and socio-economic status), 5H1.11., p.s.

(restricting consideration of defendant's "prior good works," including military or

other public service), 5H1.12 (restricting consideration of defendant's

"disadvantaged upbringing"), 5K1.1, p.s. (restricting consideration of defendant's

acceptance of responsibility), 5K2.0., p.s. (restricting other grounds for departure

from a guideline sentence); but see 18 U.S.C. § 3553(a)(1) (requiring

individualization of the sentence).

Because the Guidelines do not necessarily advise imposition of a sentence

that is merely sufficient and is no greater than necessary to achieve all four

traditional goals of punishment and, moreover, do not necessarily advise a sentence

that individualizes the sentence to the defendant and the crime being punished, the

sentence that the Guidelines advise is not necessarily reasonable in light of the

factors that 18 U.S.C. § 3553(a) requires this Court to consider.  Slavish adherence

to the sentence prescribed by the Guidelines, in sum, is not appropriate in this case

and may well result in the imposition of an unreasonable sentence.

In the instant case, it is Defendant's assertion that an appropriate sentence that would meet the objectives and purpose of 18 U.S.C. § 3553(a) would be to reduce the Guideline level of 33 (see paragraph 70), with the range of 135-168 months imprisonment.

A review of the record reflects Defendant as having been a user of drugs from a relatively young age of 14, and that his own father provided him additional drugs when he was only 17 (see paragraph 91). Since then, the Defendant has abused cocaine, crank and more recently "ice." (id.). Unfortunately for Defendant, he never received any services to address his addiction; however, Defendant now is wanting and willingness to participate in a treatment program. (see paragraph 92).

With proper treatment by professional service providers, it is Defendant's belief that he can beat his drug addiction and be a productive member of the community. More importantly, with treatment, it is Defendant's belief that he would no longer have any law enforcement contact of this sort.

To be sure, Defendant is not attempting to minimize his conduct; rather, Defendant has acknowledged his role in the conspiracy, and has cooperated and has assisted the government in this case (see Memorandum of Plea Agreement). Accordingly, it is Defendant's good faith belief that this Court should impose a sentence below the advisory Guidelines, and for a sentence for Defendant that is fair and just under circumstances in this case.

DATED:  Honolulu, Hawaii, August 9, 2006.

EMMANUEL G. GUERRERO
Attorney for Defendant
TIMOTHY JAMES SULLIVAN

## CERTIFICATE OF SERVICE

I, EMMANUEL G. GUERRERO, hereby certify that a true and exact copy of the foregoing document will duly mailed and/or hand-delivered to the following:

1)    Mr. MICHAEL KAWAHARA
      Assistant United States Attorney
      Room 6-100, PJKK Federal Building
      300 Ala Moana Boulevard
      Honolulu, Hawaii 96850

      Attorney for Plaintiff
      UNITED STATES OF AMERICA

2)    Ms. ANNE M. SHIMOKAWA
      U.S. Probation Officer
      U.S. Probation Office, District of Hawaii
      300 Ala Moana Boulevard
      Honolulu, Hawaii  96850

DATED: Honolulu, Hawaii, August 9, 2006.

EMMANUEL G. GUERRERO
Attorney for Defendant
TIMOTHY JAMES SULLIVAN